IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLENDA JOHNSON, Special Administrator of the ESTATE OF VICTOR ROGERS, JR;<br><br>**Plaintiff,**<br><br>vs.<br><br>STATE OF NEBRASKA; NEBRASKA STATE PATROL; LIVE ON NEBRASKA; ANN INDIGMA, in her Official and Individual Capacities; BRYAN WEST HOSPITAL, and JOHN DOES 1-100 in their individual and official capacities;<br><br>**Defendants.** | 4:22CV3192<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court *sua sponte* after review of the docket. Plaintiff, initially represented by counsel, filed the Complaint on September 13, 2022. (Filing No. 1). On November 18, 2022, the Court permitted Plaintiff's counsel leave to withdraw from his representation because Plaintiff purportedly had obtained alternative counsel. (Filing No. 7). In the Court's Order permitting Plaintiff's counsel leave to withdraw, the Court advised Plaintiff that, because her complaint contained claims against the defendants in her capacity as the special administrator of her son's estate, she must obtain substitute counsel since pro se parties may not represent the interests of other parties. See *Knight v. Phillips*, No. 8:21CV408, 2022 WL 542564, at *2 (D. Neb. Feb. 23, 2022) and *Waite v. Carpenter, 326,* 496 N.W.2d 1, 4 (Neb. Ct. App. 1992) ("[O]ne who seeks to represent the legal interests of the personal representative must be an attorney"). The Court ordered Plaintiff to obtain the services of licensed counsel by December 8, 2022, and warned her that failure to do so may result in the Court dismissing her complaint without further notice. (Filing No. 7). To date, substitute counsel has not entered an appearance on Plaintiff's behalf.

Additionally, more than 90 days has elapsed since the Complaint was filed. To date, Plaintiff has not filed any return of service indicating service on the defendants, a waiver of service has not been filed, the defendants have not entered voluntary appearances, and Plaintiff has not requested an extension of time to complete service. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order

that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Although Plaintiff is pro se, it is her responsibility to serve the defendants. See *Gustaff v. MT Ultimate Healthcare*, No. 06CV 5496 (SLT)(LB), 2007 WL 2028103, at *3 (E.D.N.Y June 21, 2007); *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007). Therefore, the Court will order Plaintiff to show cause why this case should not be dismissed for lack of service and failure to comply with the Court's order requiring her to obtain licensed counsel to represent her son's estate. (Filing No. 7). Accordingly,

**IT IS ORDERED** that Plaintiff shall have until **January 6, 2023,** to show cause as to why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and for failure to comply with the Court's order requiring her to obtain licensed counsel to represent her son's estate (Filing No. 7). The failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 19th day of December, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge