IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLENDA JOHNSON, Special Administrator of the Estate of Victor Rogers, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA; NEBRASKA STATE PATROL; LIVE ON NEBRASKA; ANN INDIGMA, in her Official and Individual Capacities; BRYAN WEST HOSPITAL; and JOHN DOES 1-100, in Their Individual and Official Capacities,<br><br>Defendants. | 4:22CV3192<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION AND DISMISSING THIS ACTION |

This case is before the Court on the February 14, 2023, Findings and Recommendation by Magistrate Judge Michael D. Nelson recommending that this case be dismissed without prejudice for failure to obtain licensed counsel and for failure to serve process under Federal Rule of Civil Procedure 4(m). Filing 14 at 2. Plaintiff filed an Objection on February 15, 2023. Filing 15. Upon *de novo* review, the Court accepts the Findings and Recommendation and dismisses this action without prejudice.

Plaintiff brought this case as the administrator of the estate of her son after an apparent fentanyl overdose. Filing 1 at 2 (¶ 6). It is not entirely clear what claim or claims the Plaintiff is attempting to assert or which claim or claims purportedly provide federal question jurisdiction pursuant to 28 U.S.C. § 1331. Filing 1 at 1 (¶ 1). On November 18, 2022, Magistrate Judge Nelson permitted Plaintiff's counsel to withdraw based on a representation that Plaintiff had obtained alternate counsel. Filing 7 at 1. In the same Order, Judge Nelson advised Plaintiff that, because her Complaint contained claims against Defendants in her capacity as the special administrator of her

1

son's estate, she must obtain substitute counsel because *pro se* parties may not represent the interests of other parties. Filing 7 at 1 (¶ 3). Consequently, Judge Nelson gave Plaintiff until December 8, 2022, to obtain the services of a new attorney and have that attorney file an appearance, with a warning that if no counsel appeared, the Court "may" dismiss her Complaint without further notice. Filing 7 at 1 (¶ 3). On December 19, 2022, Judge Nelson entered an Order to Show Cause by January 6, 2023, why the case should not be dismissed, because no substitute counsel had appeared and because service of process had not occurred within the time provided under Rule 4(m) of the Federal Rules of Civil Procedure. Filing 9 at 1–2. Judge Nelson reiterated his warning that failure to timely comply with his Order to Show Cause "may" result in dismissal of this action without further notice. Filing 9 at 2. On January 4, 2023, Judge Nelson granted Plaintiff's request for additional time, until January 27, 2023, to have licensed counsel appear. Filing 12 at 1. In that Order, Judge Nelson warned that failure to timely comply with the new deadline "will" result in dismissal without further notice. Filing 12 at 1.

On February 14, 2023, more than two weeks after Plaintiff's deadline had expired without appearance of counsel or proof of service, Judge Nelson filed the Findings and Recommendation now before the Court. Filing 14. In his Findings and Recommendation, Judge Nelson finds, "Plaintiff, a non-lawyer, cannot litigate claims on behalf of her son's estate. Plaintiff has also not shown good cause for failure to serve the defendants, despite being provided with an extension of time to do so." Filing 14 at 3. Consequently, he recommends dismissal without prejudice. Filing 14 at 3.

Plaintiff objects to the Findings and Recommendation on the ground that she is "going to be my own lawyer"; that she tried to find a lawyer but could not find one "so am going to be my

own lawyer"; and that she is still awaiting Proof of Service. Filing 15. She adds, "Please don't dismiss my case[.]" Filing 15.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district court must review *de novo* the parts of a magistrate judge's findings and recommendation on a dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . . ."). On *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law . . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.; Fed. R. Civ. P. 72(b)(3). Because both the lack of an appearance by counsel and the lack of timely service of process are apparent from

the docket, Judge Nelson was not required to hold any hearing before recommending dismissal of this action.[1]

On *de novo* review here, the Court concludes that Judge Nelson was correct that Plaintiff cannot prosecute this action *pro se*. As the Eighth Circuit Court of Appeals has explained, "28 U.S.C. § 1654 protects a party's right to 'plead and conduct their own cases personally or by counsel,' but subjects the pleading and conduct to the rules of federal courts." *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951 (8th Cir. 2005) (quoting *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983)). "In terms of 28 U.S.C. § 1654, . . . an administrator [of a decedent's estate] is not pleading and conducting his or her 'own case.'" *Id*. at 952. Instead, "[w]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." *Id.* (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997)). Thus, an administrator "may not engage in the practice of law on behalf of others." *Id.*

Here, it is apparent that there are other beneficiaries or creditors of the estate. *Id.* The Complaint alleges that Plaintiff's decedent is survived by both of his parents, and there may be other "heirs and next of kin" who "have all suffered the loss of society, financial support, love, services, comfort and companionship" of Plaintiff's decedent. Filing 1 at 1 (¶ 1). Thus, Plaintiff cannot engage in the practice of law on behalf of others by litigating this case *pro se*. *Jones*, 401 F.3d at 952.

---

[1] When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008).

Also, even though summons was issued on January 25, 2023, *see* Filing 13, service of process was not effected by the extended deadline of January 27, 2023, set by Judge Nelson. The Court concludes from its own *de novo* review of the docket that no timely service has occurred. Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 90 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff has not shown good cause for the failure to serve any Defendant within the extended period to do so, so no further extension is required. *Id.*

Under these circumstances, the Court finds it is appropriate to accept Judge Nelson's Findings and Recommendation. Accordingly,

IT IS ORDERED that

1. the Court accepts the February 14, 2023, Findings and Recommendation by Magistrate Judge Michael D. Nelson, Filing 14 at 2; and

2. this case in its entirety is dismissed without prejudice,

    a. for failure of counsel to appear as required to represent the estate, and

    b. for failure to obtain service of process within the time provided by Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 16th day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge