IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLENDA JOHNSON, Special Administrator of the Estate of Victor Rogers, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA; NEBRASKA STATE PATROL; LIVE ON NEBRASKA; ANN INDIGMA, in her Official and Individual Capacities; BRYAN WEST HOSPITAL; and JOHN DOES 1-100, in Their Individual and official capacities, <br><br> Defendants. | **4:22CV3192** <br><br> **ORDER DENYING SECOND MOTION FOR EXTENSION OF TIME** |

This case is before the Court on the July 6, 2023, *pro se* Plaintiff's Motion for Extension of Time. Filing 19. This is Plaintiff's second Motion for Extension of Time after this case was dismissed without prejudice on February 16, 2023. *See* Filing 16 (Order Accepting Findings and Recommendation and Dismissing This Action). The dismissal without prejudice was for failure of counsel to appear as required to represent the estate and for failure to obtain service of process within the time provided by Federal Rule of Civil Procedure 4(m). Filing 16 at 5.

On February 24, 2023, Plaintiff filed her first post-dismissal Motion for Extension of Time asking for more time for "the mail [to] come back," presumably to show acceptance of service, and requesting that the Court appoint a lawyer. Filing 17. On March 14, 2023, the Court denied that Motion, explaining that where the case had previously been dismissed, a belated extension of time to obtain service of process was not warranted, because there is no mandatory duty to appoint counsel in a *pro se* civil case, and because it is inappropriate to appoint counsel where the plaintiff

1

was able to pay the filing fee but the case was dismissed for lack of timely service. Filing 18 (Order Denying Motion for Extension of Time to Serve Complaint and for Appointment of Counsel).

In the second Motion for Extension of Time now before the Court, Plaintiff does not indicate the purpose of the requested extension. Filing 19 at 1. She simply "moves this Court for an extension of time, pursuant to Neb. Rev. Stat thoughs [sic; those?] applicable and appropriate." Filing 19 at 1. The citation to unidentified Nebraska statutes is not helpful to determine the purpose for which an extension of time is requested, not least because the Federal Rules of Civil and Appellate Procedure apply to procedural matters in this case rather than Nebraska statutes. Plaintiff does assert "reasons" for granting her motion. *See* Filing 19 at 1-2) (stating as reasons "I am acting pro se," "I am not trained or educated in the legal sciences and legal arts," "I have not been successful in obtaining legal counsel," "I am continuing in a dillegent [sic] search to retain competent legal counsel," and "[t]o deny this would deny my right to receive relief and justice"). The Court might infer from these reasons that the purpose of the requested extension of time is to continue Plaintiff's attempts to find an attorney to represent the estate. Even so, the extension of time would serve no purpose in this case, because there is nothing for an attorney to do in this case, this long after dismissal.

While the Court is sympathetic to the difficulties a *pro se* plaintiff faces in litigating in federal court, "[e]ven pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). This case was dismissed for failure to comply with a court directive for counsel to appear to represent the estate and for failure to obtain service of process within the time provided by Federal Rule of Civil Procedure 4(m). Filing 16 at 5. The time to appeal that dismissal stated in Federal Rule of Appellate Procedure 4(a)(1)(A) has expired. The

time to request an extension of time to file an appeal stated in Federal Rule of Appellate Procedure 4(a)(5)(A) has also expired. There is simply nothing left to be done in this case, by extension of time or otherwise.

This case has been dismissed. The Court notes that filings in a closed case such as this one are generally not allowed. Accordingly,

IT IS ORDERED that Plaintiff's July 6, 2023, *pro se* Motion for Extension of Time, Filing 19, is denied. Further filings in this case would be futile.

Dated this 7th day of July, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge